## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **PATRICIA JOLLY** | * |
| **239 Peebles Drive** | |
| **Smyrna, TN 37167,** *on behalf* | * |
| *of herself and others similarly* | |
| *situated*, | * |
| | |
| **Plaintiff,** | * |
| | |
| **vs.** | *  **Civ. Action No. 1:13-cv-2134** |
| | |
| **SUNSHINE FINANCIAL GROUP,** | * |
| **LLC** | |
| **9 Newburg Avenue, Ste. 201** | * |
| **Catonsville, MD 21228** | |
| | * |
| **Serve on:** | |
| | * |
| **J. Scott Morse, Esq.** | |
| **9 Newburg Avenue, Ste. 201** | * |
| **Catonsville, MD 21228** | |
| | * |
| **and** | |
| | * |
| **LAW OFFICE OF J. SCOTT MORSE,** | |
| **LLC, d/b/a The Debt Recovery** | * |
| **Law Center** | |
| **9 Newburg Avenue, Ste. 201** | * |
| **Catonsville, MD 21228** | |
| | * |
| **Serve on:** | |
| | * |
| **J. Scott Morse, Esq.** | |
| **9 Newburg Avenue, Ste. 201** | * |
| **Catonsville, MD 21228** | |
| | * |
| **Defendants.** | |

*    *    *    *    *    *    *    *    *    *    *    *    *

1

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Now comes PATRICIA JOLLY, by and through her attorneys, E. David Hoskins, Max F. Brauer and The Law Offices of E. David Hoskins, LLC, and on behalf of herself and all others similarly situated alleges as follows:

## INTRODUCTION

1.     Plaintiff PATRICIA JOLLY brings this class action seeking redress for the illegal practices of Defendants SUNSHINE FINANCIAL GROUP, LLC ("SUNSHINE") and THE LAW OFFICE OF J. SCOTT MORSE, LLC ("MORSE") in connection with the collection of debts in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA"); the Maryland Consumer Debt Collection Act, Md. Code Ann., Com. Law, § 14-201, *et seq.* (the "MCDCA"); the Maryland Consumer Protection Act, Md. Code Ann., Com. Law, § 13-101, *et seq.* (the "MCPA").

2.     The Maryland Collection Agency Licensing Act ("MCALA") requires a debt collector to obtain a license. *See* MCALA, Md.Code Ann., Bus. Reg. § 7–301(a)("a person must have a license whenever the person does business as a collection agency in the State."). The MCALA defines a "collection agency" as a "person who engages directly or indirectly in the business of: ... (ii) collecting a consumer claim the person owns, if the claim was in default when the person acquired it." *Id.* at § 7–101(c). "[A] Consumer Debt Purchaser that collects

2

consumer claims through civil litigation is a 'collection agency' under Maryland law and required to be licensed as such regardless of whether an attorney representing the Consumer Debt Purchaser in the litigation is a licensed collection agency." Md. State Collection Agency Licensing Bd. Advisory Notice 05–10, May 5, 2010. Acting without a license is also a misdemeanor under Maryland law. *See* MCALA § 7–401(b).

3.    SUNSHINE did not obtain the required collection agency license until October 17, 2011.

4.    MORSE is a debt collecting law firm hired by SUNSHINE to bring collection actions against PATRICIA JOLLY and the Class she seeks to represent

5.    SUNSHINE and MORSE illegally brought debt collection actions against PATRICIA JOLLY and the Class she seeks to represent, at a time when SUNSHINE did not hold the required license and subsequently obtained judgments against PATRICIA JOLLY and the Class she seeks to represent.

6.    A judgment entered in favor of an unlicensed debt collector constitutes a void judgment as a matter of law. Accordingly, any judgments obtained by SUNSHINE while operating as an unlicensed collection agency are void and unenforceable.

7.    As alleged more fully herein, SUNSHINE and MORSE have violated the Federal and Maryland law by illegally attempting to collect payment on void

and unenforceable judgments from PATRICIA JOLLY and the Class she seeks to represent.

## FAIR DEBT COLLECTION STATUTES

8.      PATRICIA JOLLY alleges that the collection practices of SUNSHINE and MORSE violate the FDCPA, MCDCA and MCPA because they constitute illegal efforts to collect a consumer debt.

9.      The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. In enacting the FDCPA, the United States Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which "contribute to the number of personal bankruptcies, marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a). Congress also found that existing laws and procedures for redressing debt collection activities were inadequate to protect consumers. 15 U.S.C. § 1692(b).

10.     Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(e).

11.     The FDCPA is a comprehensive statute that prohibits a catalog of

activities in connection with the collection of debts by third parties. The FDCPA imposes civil liability on any person or entity that violates its provisions and establishes general standards of debt collector conduct, defines abuse, and provides for specific consumer rights. 15 U.S.C. § 1692k. The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and misleading practices, prohibit harassing and abusive tactics, and proscribe unfair or unconscionable conduct, both generally and in a specific list of disapproved practices.

12.    The FDCPA is a strict liability statute that provides for actual or statutory damages upon the showing of one violation. The Fourth Circuit and other federal courts have held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated consumer." *United States v. Nat'l Fin. Services, Inc.*, 98 F.3d 131 (4th Cir. 1996); *Clomon v. Jackson*, 988 F.2d 1314 (2d Cir. 1993); *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168 (11th Cir. 1985); *Graziano v. Harrison*, 950 F.2d 107 (3rd Cir. 1991); *Swanson v. Southern Oregon Credit Serv., Inc.*, 869 F.2d 1222 (9th Cir. 1988). The purpose of the least-sophisticated consumer standard "is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd." *Nat'l Fin. Services, Inc.*, 98 F.3d at 136 (quoting *Clomon v. Jackson*, 988 F.2d at 1318).

13.    The FDCPA is a remedial statute that is construed liberally in favor

of the debtor. *See, e.g., Garcia-Contreras v. Brock & Scott, PLLC*, 775 F. Supp.2d 808 (M.D.N.C. 2011); *Sprinke v. SB&C, Ltd.*, 472 F. Supp. 2d 1235 (W.D. Wash. 2006); *Clark v. Capital Credit & Collection Services, Inc.*, 460 F.3d 1162 (9th Cir. 2006); *Johnson v. Riddle*, 305 F.3d 1107 (10th Cir. 2002).

14.    To prohibit abuses by debt collectors, the FDCPA, at 15 U.S.C. § 1692e, provides that a debt collector may not use "any false deceptive, or misleading representation or means in connection with the collection of any debt." In addition, the FDCPA at 15 U.S.C. § 1692f provides that a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

15.    The MCDCA prohibits debt collectors from utilizing threatening or underhanded methods in collecting or attempting to collect a delinquent debt. Md. Code Ann., Com. Law §§ 14–201 to 14–204. Specifically, the MCDCA states that a "person collecting or attempting to collect an alleged debt arising out of a consumer transaction," *id*. § 14–201(b), may not "[c]laim, attempt, or threaten to enforce a right with knowledge that the right does not exist." *Id*. § 14–202(8).

16.    The MCPA prohibits "unfair or deceptive trade practices," Md. Code Ann., Com. Law § 13–301, and expressly designates as "unfair or deceptive trade practices" those that constitute any violation of the MCDCA. *Id*. § 13–301(14)(iii).

## JURISDICTION AND VENUE

17.    Jurisdiction arises under the FDCPA, 15 U.S.C. §1692k(d) and 28 U.S.C. § 1331.

18.    Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

19.    Venue lies properly in this District pursuant to 28 U.S.C. § 1391(b), in that SUNSHINE and MORSE transact business in this District and a substantial portion of the acts that give rise to the claim occurred within this District.

## PARTIES

20.    Plaintiff, PATRICIA JOLLY, is a "consumer" as defined in 15 U.S.C. § 1692a(3) of the FDCPA, as she is a natural person improperly sued by SUNSHINE and MORSE in the attempt to collect a consumer debt allegedly owed on a usurious, 98.97 percent interest pay day loan provided by Cash Call. PATRICIA JOLLY is a "person" as that term is defined by the MCDCA and the MCPA.

21.    Defendant SUNSHINE is a domestic limited liability company and debt purchaser that failed to obtain the required collection agency license until October 17, 2011. The business of SUNSHINE is to acquire consumer debts in default for pennies on the dollar and then proceed to try to collect the debt by filing lawsuits and obtaining judgments before Maryland courts without the legal

right to do so. In operating without a license, SUNSHINE skirted the requirements easily complied with by hundreds of other similarly situated bona fide collection agencies in Maryland, and thereby gained an improper advantage over its competitors while avoiding the mandatory protections intended for Maryland consumers by the legislature and regulatory authorities. SUNSHINE subsequently attempted to collect on void judgments arising out of lawsuits filed when SUNSHINE lacked a license.

22.    Defendant MORSE is a domestic limited liability company and is currently licensed as a debt collector in Maryland. MORSE is regularly engaged, for profit, in the collection of debts allegedly owed by consumers. MORSE uses the United States Mail in furtherance of its collection of debts alleged to be due another.

23.    At all relevant times SUNSHINE and MORSE acted as a "collector" and "person" as those terms are defined by Md. Code Ann., Com. Law, § 14-201(b) of the MCDCA.

## FACTUAL ALLEGATIONS

24.    SUNSHINE collects on consumer debts in the State of Maryland. The consumer debts purchased by SUNSHINE are debts that are in default or SUNSHINE is the servicer of these debts acquired after default. In many instances the debts sought to be collected by SUNSHINE were no longer legally

enforceable obligations.

25.    On December 21, 2010, SUNSHINE sued PATRICIA JOLLY in the District Court of Maryland to collect a $2,392.99 consumer debt SUNSHINE had purchased after default. MORSE was SUNSHINE's counsel of record and prepared and filed the lawsuit.

26.    SUNSHINE acted as a "collection agency" as defined by MCALA. However, at the time this lawsuit was brought, SUNSHINE did not hold a Maryland collection agency license as required by MCALA. Ultimately a judgment was entered against PATRICIA JOLLY on November 27, 2012.

27.    In a reported opinion, the Maryland Court of Special Appeals has ruled that judgments obtained in lawsuits that were initiated by an unlicensed collection agency are void and unenforceable. *Finch v. LVNV Funding LLC*, Md. Ct. Spec. App., No. 704 (September Term, 2012). Under this clear legal authority, it is beyond dispute that the judgment SUNSHINE obtained against PATRICIA JOLLY is void and unenforceable.

28.    MORSE and SUNSHINE have nonetheless ruthlessly attempted to collect monies from PATRICIA JOLLY to satisfy this void judgment.

29.    This collection activity has included serving interrogatories in aid of enforcement of judgment and attempting to garnish the assets of PATRICIA JOLLY.

30.     PATRICIA JOLLY was required to retain counsel to defend the collection and garnishment efforts undertaken by MORSE and SUNSHINE and has incurred actual damages in the amount of the value of legal services provided to defend the case. *See Venes v. Professional Service Bureau, Inc.*, 353 N.W.2d 671 (Minn. Ct. App. 1984) (awarding damages of $3,900 for attorney fees for defending prior suit filed in distant forum violating FDCPA); *Henriquez v. Henriquez*, 185 Md. App. 465 (2009) (recognizing that the value of the legal services provided to a client on a pro bono basis can still be collected from the opposing party).

## DEFENDANTS' POLICIES AND PRACTICES

31.     According to public records, between May 6, 2010, (the first day after Advisory Notice 05–10 was issued) and October 14, 2011 (the last business day before SUNSHINE obtained the required collection agency license), SUNSHINE and MORSE filed 563 debt collection lawsuits.

32.     As of the date of the filing of this Class Action Complaint and Demand for Jury Trial, judgments have been entered in favor of SUNSHINE in 157 of these debt collection lawsuits. Based upon information and belief, settlements providing for payments to SUNSHINE were entered into in the vast majority of the remaining cases filed in this timeframe.

33.     The judgments entered in the 157 cases are void and uncollectible as

a matter of law based upon *Finch v. LVNV Funding LLC*, Md. Ct. Spec. App., No. 704 (September Term, 2012).

34.    It is the standard policy and practice of SUNSHINE and MORSE to collect on the judgments entered in these 157 cases, notwithstanding the fact that these judgments are void as a matter of law because they were obtained in lawsuits that were filed at a time when SUNSHINE failed to maintain a Maryland Collection Agency license.

35.    This standard policy and practice violates §§ 1692e, 1692e(2)(A), 1692e(4), 1692e(5), 1692e(10), 1692f and 1692f(1) of the FDCPA, which prohibit,

> **§ 1692e. False or misleading representations**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section . . .**
>
> > **(2) The false representation of--**
> >
> > > **(A) the character, amount, or legal status of any debt; or**
> > >
> > > **\*      \*      \***
> > >
> > > **(4) The representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to**

*take such action.*

\*     \*     \*

*(5) The threat to take any action that cannot legally be taken or that is not intended to be taken.*

\*     \*     \*

*(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.*

*§ 1692f. Unfair Practices*

*A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:*

*(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.*

36.    These standard policy and practice also constitutes a violation of the

§ 14-202(8) of the MCDCA, which prohibits

*Proscribed conduct*

*In collecting or attempting to collect an alleged debt a collector may not:*

*(8) Claim, attempt, or threaten to enforce a right with*

> ***knowledge that the right does
> not exist.***

37.     The actions taken by SUNSHINE and MORSE to pursue collection of void judgments from PATRICIA JOLLY and the Class she seeks to represent has had a tendency to mislead the least sophisticated consumer into concluding that a legally sufficient claim had been asserted against them.

38.     The failure of SUNSHINE and MORSE to voluntarily vacate the judgments, or voluntarily file notices of satisfaction and to dismiss the lawsuits that were filed at a time when SUNSHINE failed to maintain a Maryland Collection Agency license had the tendency of misleading the least sophisticated consumer into concluding that they were obligated to pay the judgment, thereby creating unfair pressure on the least sophisticated consumer to make payments to satisfy judgments that are void as a matter of law.

## CLASS ALLEGATIONS

39.     PATRICIA JOLLY brings this action on behalf all two subclasses:

a.     FDCPA Subclass: All natural persons who were named as a defendant in a debt collection lawsuit filed by SUNSHINE between May 6, 2010, and October 14, 2011, in which a judgment was entered in favor of SUNSHINE that SUNSHINE and/or MORSE collected or attempted to collect as of the date one (1) year prior to the filing of this Class Action Complaint."

b.     MCDCA Subclass: All natural persons who were named as a

defendant in a debt collection lawsuit filed by SUNSHINE between May 6, 2010, and October 14, 2011, in which a judgment was entered in favor of SUNSHINE that SUNSHINE and/or MORSE collected or attempted to collect as of the date three (3) years prior to the filing of this Class Action Complaint."

40.    The identities of all Class members are readily ascertainable from public records and the records of Defendants.

41.    Excluded from the Class are all managers and directors of Defendants and members of their immediate families, and legal counsel for either side and all members of their immediate families.

42.    This action has been brought and may properly be maintained as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community of interest in the litigation:

a.    ***Numerosity:*** The Class is so numerous that joinder of all members is impractical. According to public records, between May 6, 2010, (the first day <u>after</u> Advisory Notice 05–10 was issued) and October 14, 2011 (the last business day <u>before</u> SUNSHINE obtained the required collection agency license), SUNSHINE and MORSE filed 563 debt collection lawsuits. As of the date of the filing of this Class Action Complaint and Demand for Jury Trial, judgments have been entered in favor of SUNSHINE in 157 of these debt collection lawsuits.

b.     ***Common Questions Predominate:*** There are questions of law and fact common to the class, which questions predominate over any questions affecting only individual Class members. The principal issue in this case is whether SUNSHINE and MORSE violated §§ 1692e; 1692e(2)(A); 1692e(5); 1692e(10) 1692f and 1692f(1) of the FDCPA, MCDCA and MCPA by undertaking collection activity on judgments that are void as a matter of law because they were obtained in lawsuits that were filed at a time when SUNSHINE failed to maintain a Maryland Collection Agency license.

c.     ***Typicality:*** Plaintiff's claims are typical of the claims of the members of the Class. Plaintiff and all members of the Class have claims arising out of the common course of conduct of SUNSHINE and MORSE complained of herein.

d.     ***Adequacy:*** Plaintiff will fairly and adequately protect the interests of the members of the Class. Plaintiff is committed to vigorously litigate this matter. Plaintiff has retained counsel experienced in handling class claims and claims involving unlawful collection practices. Neither Plaintiff nor Plaintiff's counsel have any interests which might cause them not to vigorously pursue this claim.

e.     ***Superiority:*** A class action is superior to other available means for the fair and efficient adjudication of this controversy since individual

joinder of all 157 members of the Class would be impracticable. Class action treatment will permit a large number of similarly-situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would engender. Furthermore, since individual Class member's claims for damages are relatively modest, the expenses and burdens of litigating individual actions would make it difficult or impossible for individual members of the Class to redress the wrongs done to them. An important public interest will be served by addressing the matter as a Class action, substantial economies to the litigants and to the judicial system will be realized, and the potential for inconsistent or contradictory adjudications will be avoided.

43.     Certification of the Class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that:

a.     The questions of law and fact common to the members of the class predominate over any questions affecting an individual member.

b.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

### FIRST CAUSE OF ACTION
### (The Fair Debt Collection Practices Act)

44.     PATRICIA JOLLY incorporates the foregoing paragraphs.

45.     Defendants SUNSHINE and MORSE violated §§ 1692e, 1692e(2)(A),

1692e(4), 1692e(5), 1692e(10), 1692f, and 1692f(1) of the FDCPA by undertaking collection activity on judgments that are void as a matter of law because they were obtained in lawsuits that were filed at a time when SUNSHINE failed to maintain a Maryland Collection Agency license.

46.    The false and deceptive conduct alleged herein was material. The actions taken by SUNSHINE and MORSE to pursue collection of void judgments from PATRICIA JOLLY and the Class she seeks to represent has had a tendency to mislead the least sophisticated consumer into concluding that a legally sufficient claim had been asserted against them.

47.    The failure of SUNSHINE and MORSE to voluntarily vacate the judgments, or voluntarily file notices of satisfaction and to dismiss the lawsuits that were filed at a time when SUNSHINE failed to maintain a Maryland Collection Agency license had the tendency of misleading the least sophisticated consumer into concluding that they were obligated to pay the judgment, thereby creating unfair pressure on the least sophisticated consumer to make payments to satisfy judgments that are void as a matter of law.

48.    As a direct consequence of the acts, practices and conduct, of SUNSHINE and MORSE, PATRICIA JOLLY and the Class she seeks to represent suffered actual damages, including having to respond to collection lawsuits improperly brought against them, having money judgments wrongfully entered

against them, having to respond to post-judgment enforcement attempts, garnishments, and attempted garnishments, all resulting in embarrassment, emotional distress, loss of sleep, anger and frustration and causing actual injury or loss.

WHEREFORE, PATRICIA JOLLY requests the following relief from SUNSHINE and MORSE:

a.    The Court enter judgment in favor of PATRICIA JOLLY and the Class she seeks to represent against SUNSHINE and MORSE in the maximum amount of statutory damages provided under 15 U.S.C. § 1692k;

b.    The Court enter judgment for actual damages in favor of PATRICIA JOLLY and members of the Class she seeks to represent against SUNSHINE and MORSE in the amount of all sums paid by the members of the Class to SUNSHINE and MORSE as well as the value of any legal services provided by attorneys defending Class members in such collection lawsuits;

c.    The Court enter an award of pre-judgment and post-judgment interest on all sums awarded to PATRICIA JOLLY and members of the Class she seeks to represent;

d.    The Court award to PATRICIA JOLLY and members of the Class she seeks to represent reasonable counsel fees and the costs of these proceedings;

e.     The Court order such other and further relief as the nature of this case may require.

## SECOND CAUSE OF ACTION
### (The Maryland Consumer Debt Collection Act)

49.    PATRICIA JOLLY incorporates the foregoing paragraphs.

50.    PATRICIA JOLLY and the Class she seeks to represent incurred a debt which was primarily for personal, family, or household purposes and is therefore a "consumer transaction" as that term is defined by the Maryland Consumer Debt Collection Act.

51.    Defendants SUNSHINE and MORSE violated § 14-202(8) of the MCDCA by undertaking collection activity on judgments that are void as a matter of law because they were obtained in lawsuits that were filed at a time when SUNSHINE failed to maintain a Maryland Collection Agency license.

52.    As a direct consequence of the acts, practices and conduct, of SUNSHINE and MORSE, PATRICIA JOLLY and the Class she seeks to represent suffered actual damages, including having to respond to collection lawsuits improperly brought against them, having money judgments wrongfully entered against them, having to respond to post-judgment enforcement attempts, garnishments, and attempted garnishments, all resulting in embarrassment, emotional distress, loss of sleep, anger and frustration and causing actual injury or loss.

WHEREFORE, Plaintiff requests the following relief from Defendants:

a.       The Court enter judgment for actual damages in favor of PATRICIA JOLLY and members of the Class she seeks to represent against SUNSHINE and MORSE in the amount of all sums paid by the members of the Class to SUNSHINE and MORSE as well as the value of any legal services provided by attorneys defending Class members in such collection lawsuits;

b.       The Court enter an award of pre-judgment and post-judgment interest on all sums awarded to PATRICIA JOLLY and members of the Class she seeks to represent;

c.       The Court award to PATRICIA JOLLY and members of the Class she seeks to represent reasonable counsel fees and the costs of these proceedings;

d.       The Court order such other and further relief as the nature of this case may require.

### THIRD CAUSE OF ACTION
### (The Maryland Consumer Protection Act)

53.       PATRICIA JOLLY incorporates the foregoing paragraphs.

54.       PATRICIA JOLLY and the Class she seeks to represent are consumers as defined by the Consumer Protection Act ("CPA"), Maryland Code Annotated, Commercial Law § 13-101(c).

55.       Under § 13-301(14)(iii) of the CPA, unfair or deceptive trade

practices also include any violation of the MCDCA.

56.   Defendants SUNSHINE and MORSE violated § 13-301(14)(iii) of the CPA by undertaking collection activity on judgments that are void as a matter of law because they were obtained in lawsuits that were filed at a time when SUNSHINE failed to maintain a Maryland Collection Agency license.

57.   As a direct consequence of the acts, practices and conduct, of SUNSHINE and MORSE, PATRICIA JOLLY and the Class she seeks to represent suffered actual damages, including having to respond to collection lawsuits improperly brought against them, having money judgments wrongfully entered against them, having to respond to post-judgment enforcement attempts, garnishments, and attempted garnishments, all resulting in embarrassment, emotional distress, loss of sleep, anger and frustration and causing actual injury or loss.

WHEREFORE, Plaintiff requests the following relief from Defendants:

a.   The Court enter judgment for actual damages in favor of PATRICIA JOLLY and members of the Class she seeks to represent against SUNSHINE and MORSE in the amount of all sums paid by the members of the Class to SUNSHINE and MORSE as well as the value of any legal services provided by attorneys defending Class members in such collection lawsuits;

b.   The Court enter an award of pre-judgment and post-judgment

interest on all sums awarded to PATRICIA JOLLY and members of the Class she seeks to represent;

   c. The Court award to PATRICIA JOLLY and members of the Class she seeks to represent reasonable counsel fees and the costs of these proceedings;

   d. The Court order such other and further relief as the nature of this case may require.

## JURY DEMAND

PATRICIA JOLLY hereby demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should PATRICIA JOLLY prevail on any of her claims in this action.

     Respectfully Submitted,


     */s/ E. David Hoskins*
     E. David Hoskins, Bar No. 06705
     THE LAW OFFICES OF E. DAVID HOSKINS, LLC
     Quadrangle Building at Cross Keys
     2 Hamill Road, Ste. 362
     Baltimore, Maryland 21210
     (410) 662-6500 (Tel.)
     *davidhoskins@hoskinslaw.com*

_/s/ Max F. Brauer_
Max F. Brauer, Bar No. 30162
THE LAW OFFICES OF E. DAVID HOSKINS, LLC
Quadrangle Building at Cross Keys
2 Hamill Road, Ste. 362
Baltimore, Maryland 21210
(410) 662-6500 (Tel.)
_maxbrauer@hoskinslaw.com_