# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| PATRICIA JOLLY | * | |
| | * | |
| | * | |
| v. | * | Civil No. – JFM-13-2134 |
| | * | |
| SUNSHINE FINANCIAL, LLC, ET AL. | * | |

******

## MEMORANDUM

Patricia Jolly has filed this action against Sunshine Financial Group, LLC, and the Law Office of J. Scott Morse, LLC., asserting claims under the Fair Debt Collection Practice Act, Maryland Consumer Debt Collections Act, and the Maryland Consumer Protections Act. Defendants have filed a motion to dismiss or for summary judgment. The motions will be treated as ones for summary judgment and, as such, will be granted.

Jolly was a member of the class in an action previously instituted in this court, *Baker v. Sunshine Financial, LLC*. The claims were settled (on a class-wide basis) by a Settlement Agreement and Release approved by this court on October 26, 2012. In the Settlement Agreement it was agreed that "each Class Member acknowledges that the scope of the release claims in this paragraph is intended pursuant to Rule 23 to release any claims under the FDCPA and any claims related to whether or not Defendant Sunshine was required to have a collection agency license under Maryland law, including but not limited to an attack on any judgments obtained by Sunshine."

On November 6, 2012, after the Settlement Agreement was entered into, J. Scott Morse, on behalf of Sunshine, entered a judgment against Jolly in the amount of $2,517.90. The judgment was entered pursuant to an agreement that had been reached between Sunshine and

1

Jolly in a suit pending at the time that the *Baker* class action was pending. Under the terms of the agreement, Sunshine was authorized to enter a consent judgment against Jolly in the amount of $3,117.90 less any payments made by Jolly. Jolly made payments of $600, thus reducing the amount of the consent judgment from $3,117.90 to $2,517.90.

It was the filing of that action that Jolly alleges gives rise to the claims asserted in this case. Defendants contend that any claims asserted by Jolly are barred by the Settlement Agreement. The claims asserted in the class action turned on the fact that Sunshine did not have a Maryland collection agency license at the time that Sunshine engaged in collection activities. Before Morse obtained the consent judgment on behalf of Sunshine against Jolly, Sunshine had obtained such a license. Nevertheless, Jolly argues that the obtaining of the judgment against her violated the law because the obtaining of the judgment involved, in part, collection activities in which Sunshine engaged while it did not have a collection license. This argument is clearly foreclosed by the language of the Settlement Agreement which, as stated above, covered "*any* claims related to whether or not defendant Sunshine was required to have a collection agency license under Maryland law, including but not limited to an attack on *any* judgments obtained by Sunshine." (emphasis added). Self-evidently, Jolly's present claim "relate[s] to whether or not . . . [Sunshine] was required to have a collection agency license under Maryland law" and is "an attack on . . . [a] judgment[]."

Jolly further argues that the provision of the Settlement Agreement upon which defendants rely is void as a matter of public policy in light of the decision of the Maryland Court of Special Appeals in *Finch v. LVNV*, 212 Md. App. 748 (2013). This argument too is without merit. *Finch* referred to the voiding of a judgment obtained by an unlicensed collection agency as a "drastic remedy," and the Court of Special Appeals limited its holding to situations where a

judgment is "entered in favor of an unlicensed debt collector." As previously indicated, Sunshine had obtained a license by the time that it obtained the consent judgment giving rise to the claims asserted in this case. In any event, it is only where a "challenged agreement is patently offensive to the public good, that is, where the common sense of the entire community would . . . pronounce it invalid" that a public policy justifies voiding an agreement on public policy grounds. *See Maryland-NationalPark and Planning Comm'n v. Washington National Arena*, 282 Md. 588, 606 (1978). Here, the Settlement Agreement entered into in the class action was between sophisticated parties and was approved by the court. Self-evidently, the public policy upon which *Finch* turns does not under these circumstances require voiding of the Settlement Agreement.

Finally, Jolly contends that Morse and Sunshine violated Maryland law by failing to give her a credit, in accordance with the terms of the Settlement Agreement, of $239.30 against the consent judgment that was entered. In fact, no such credit was warranted under the terms of the Settlement Agreement. The Settlement Agreement, provided in pertinent part as follows:

> If there is an unpaid amount on the Original Debt Balance owed by a Sub-Class II member on the Effective Date in excess of 10% of the Original Debt Balance, Defendant Sunshine shall provide each Sub-Class II Member a credit of 10% of the Original Principal on the books of Sunshine.

At the time that Sunshine purchased the debt, the "Original Debt Balance" was $6,005.68. The "Original Principal" was $2,392.99. Thus, crediting of 10% of the Original Principal against the unpaid amount on the Original Debt Balance was immaterial in this case since the amount of the consent judgment was considerably below the Original Debt Balance minus the 10% credit. In any event, at the most this is a contract dispute that does not invoke the

3

statutes upon which Jolly relies but is justiciable through a simple breach of contract action or perhaps as a defense in the consent judgment action.

A separate order granting summary judgment on behalf of defendants is being entered herewith.


Date:   November 21, 2013           ____/s/_____
                                    J. Frederick Motz
                                    United States District Judge