

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| PATRICIA JOLLY, | * |
| *Plaintiff,* | * |
| v. | *   No. 1:13-cv-02134-JFM |
| SUNSHINE FINANCIAL, LLC, and LAW OFFICE OF J. SCOTT MORSE, LLC, | * |
| *Defendants.* | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## FINAL JUDGMENT

This matter came on for hearing upon the joint application of the Settling Parties for approval of the settlement set forth in the Class Action Settlement Agreement (the "Settlement Agreement"). Due and adequate notice having been given to the Class, and the Court having considered the Settlement Agreement, all papers filed and proceedings had herein, and all oral and written comments received regarding the proposed settlement, and having reviewed the record in this Litigation, and good cause appearing,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

The Court, for purposes of this Judgment and Order of Dismissal ("Judgment"), adopts all defined terms as set forth in the Class Action Settlement Agreement filed in this case.

The Court has jurisdiction over the subject matter of the Litigation, the Class Representative, the Class Members, and the Defendants.

The Court finds that the distribution of the Notice to Class Members

constituted the best notice practicable under the circumstances to all Class Members, and fully met the requirements of Fed. R. Civ. Pro. 23 and due process under the United States Constitution.

The Court finds in favor of settlement approval, and approves the settlement of the above-captioned action, as set forth in the Settlement Agreement, each of the releases, and other terms, as fair, just, reasonable and adequate as to the Settling Parties. The Settling Parties are directed to consummate the Settlement in accordance with the terms and conditions set forth in the Settlement Agreement.

Except as to any individual claim of those persons who have validly and timely requested exclusion from the Class, all of the Released Claims, as defined in the Settlement Agreement, are hereby compromised, settled, released, discharged, and dismissed **in entirety on the merits and with prejudice,** and without costs, except as provided herein, against the Defendants. .

Solely for purposes of effectuating this settlement, this Court has certified a class of all Members of the Class, as that term is defined in, and by the terms of, the Settlement Agreement.

With respect to the Rule 23 Class and for purposes of approving this settlement only, this Court finds and concludes that: (a) the Members of the Rule 23 Class are ascertainable and so numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to the Rule 23 Class, and there is a well-defined community of interest among Members of the Rule 23

Class with respect to the subject matter of the Litigation; (c) the claims of Class Representative Patricia Jolly are typical of the claims of the Members of the Rule 23 Class, and the Class Representative has no interest adverse to the other Class Members; (d) the Class Representative has fairly and adequately protected the interests of the Members of the Rule 23 Class; (e) a class action is superior to other available methods for an efficient adjudication of this controversy and common issues predominate over individual issues; and (f) the counsel of record for the Class Representative, i.e., Class Counsel, are qualified to serve as counsel for the plaintiffs in their individual and representative capacities and for the Rule 23 Class.

Neither the Settlement Agreement, nor any act performed or document executed pursuant to or in furtherance of the settlement: (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of Releasees; or, (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of Releasees in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. Releasees may file the Settlement Agreement and/or the Judgment from this Litigation in any other action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

The Court finds that the sum of $ _____ to Class Counsel for attorneys' fees is fair and reasonable, and hereby approves and directs the Defendants to make that payment in accordance with the terms of the Settlement Agreement.

The Court finds that the sum of $600.00 to be paid to the Class Representative is fair and reasonable, and hereby approves and directs the Defendants to make that payment in accordance with the terms of the Settlement Agreement. Without affecting the finality of this Judgment, the Court retains exclusive and continuing jurisdiction over the Litigation, the Class Representative, the Class, the Parties, and the Releasees for all matters relating to this action, including the administration and interpretation of the Settlement Agreement and this Judgment.

Without further Order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Settlement Agreement.

This document shall constitute a final judgment for purposes of Rule 58 of the Federal Rules of Civil Procedure.

Pursuant to 28 U.S.C. § 1715(d), the Effective Date of this Order shall be April 30, 2015.

**IT IS SO ORDERED.**

DATED: April 3, 2015

_____
United States District Judge

Cc: All Counsel of Record via ECF